UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

TIFFANY THOMPSON,

                                Plaintiff,

                -against-

CITY OF NEW YORK, FORMER POLICE
COMMISSIONER RAY KELLY, CAPTAIN WILLIAM
GARDNER OF BNTF COMMAND, CAPTAIN
WILLIAM TAYLOR OF THE 62ND PRECINCT, POLICE
OFFICER BRIAN THOMPSON SHIELD NO. 3125 OF
BSTF COMMAND,

                              Defendants.

-------------------------------------------------------------------- x

**FIRST
AMENDED
COMPLAINT AND
JURY DEMAND**

Docket No. 14-CV-02441-BMC

ECF CASE

Plaintiff Tiffany Thompson, by her attorneys, Stoll, Glickman & Bellina, LLP, for her complaint alleges as follows:

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiff seeks relief through 42 U.S.C. §1983 for the violation of her Fourth and Fourteenth Amendment rights in addition to violations of the laws and Constitution of the State of New York.

2.    The claim arises from a March 13, 2013 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully arrested Ms. Thompson without probable cause.

3.    Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the laws and Constitution of the State of New York.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendent jurisdiction.

<u>VENUE</u>

6. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District.

<u>PARTIES</u>

7. Plaintiff resided at all times here relevant in Kings County, City and State of New York.

8. The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

9. New York Police Commissioner Raymond Kelly ("Kelly") was at all times here relevant the Commissioner of the New York City Police Department, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers,

including the other individual defendants. Kelly is sued in his individual and official capacities.

10.   Captain William Gardner was, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, Defendant Gardner was involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting plaintiff without probable cause. Upon information and belief, defendant Gardner was under the command of the Brooklyn North Task Force on the date of the incident. On information and belief, at all times relevant hereto, Defendant Gardner was under the command of the Brooklyn North Task Force and is sued in his individual capacity.

11.   Captain William Taylor was, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, Defendant Taylor was involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting plaintiff without probable cause. Upon information and belief, defendant Taylor was under the command of the 62nd Precinct on the date of the incident. On information and belief, at all times relevant hereto, Defendant Taylor was under the command of the 62nd Precinct and is sued in his individual capacity.

12.   Police Officer Brian Thompson was, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, Defendant

Thompson was involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting plaintiff without probable cause. Upon information and belief, defendant Thompson was under the command of the Brooklyn South Task Force on the date of the incident. On information and belief, at all times relevant hereto, Defendant Thompson was under the command of the Brooklyn South Task Force and is sued in his individual capacity.

13. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

14. Within 90 days of the events giving rise to these claims, plaintiff filed written notices of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

15. On March 13, 2013 plaintiff was attending a vigil on behalf of Kimani Grey, a young man shot by police in Flatbush, Brooklyn.

16. Plaintiff had known Kimani Grey since they were children and was at a baby shower with him the day he was shot.

17. Plaintiff was walking away from a crowd that was getting rowdy following the vigil down Church Avenue, past 54th Street.

18. Police directed Ms. Thompson and others to follow another police officer down Church towards 53rd Street.

4

19.    Police then took out orange mesh rope known as kettling nets and arrested a group of people they had led down the street without individualized probable cause.

20.    Ms. Thompson was placed in tight plastic handcuffs that caused her hands to go numb.

21.    When the officers cut the cuffs off of her, they also cut her skin.

22.    She asked for medical attention, but police told her it would slow down her release.

23.    She had never been arrested before.

24.    She was held approximately 21 hours before being released at arraignments the following evening.

25.    Upon information and belief, former Police Commissioner Ray Kelly gave police officers orders to arrest people regardless of probable cause and not to release them from the precinct.

26.    All charges were dismissed on June 14, 2013 after Ms. Thompson made two court appearances because the allegations in the complaint failed to sufficiently state a crime or violation.

27.    Ms. Thompson was a student at John Jay College and missed two final exams on Thursday, March 14, 2013. As a result, she failed one of her classes.

28.    At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.   They failed to intervene in the obviously illegal actions of their

fellow officers against plaintiff.

29.    During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## DAMAGES

30.    As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

a.    Violation of her rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of their persons;

b.    Violation of her rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

c.    Violation of her New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

d.    Violation of her New York State Constitutional rights under Article 1, Section 6 to due process;

e.    Physical pain and suffering;

f.    Emotional trauma and suffering, including fear, embarrassment, humiliation, harassment, emotional distress, frustration, extreme inconvenience, anxiety; and

g.    Loss of liberty.

### FIRST CAUSE OF ACTION
42 U.S.C. § 1983
False Arrest and False Imprisonment
(Against Officer Defendants)

31.    The above paragraphs are here incorporated by reference.

6

32.   The officer defendants wrongfully and illegally arrested, detained and imprisoned plaintiff.

33.   The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

34.   At all relevant times, defendants acted forcibly in apprehending, arresting, and imprisoning plaintiff.

35.   Throughout this period, plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of her liberty, imprisoned and falsely charged.

36.   At all times, the unlawful, wrongful, and false arrest and imprisonment of plaintiff was without basis and without probable cause or reasonable suspicion.

37.   All of this occurred without any illegal conduct by plaintiff.

38.   All charges were dismissed.

39.   The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by officer defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of her constitutional rights secured by the United States Constitution.

40.   As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

SECOND CAUSE OF ACTION
New York State Constitution Article I §12
False Arrest and False Imprisonment
(Against All Defendants)

41. The above paragraphs are here incorporated by reference.

42. The officer defendants wrongfully and illegally arrested, detained and imprisoned plaintiff.

43. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

44. At all relevant times, defendants acted forcibly in apprehending, arresting, and imprisoning plaintiff.

45. Throughout this period, plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, imprisoned and falsely charged.

46. At all times, the unlawful, wrongful, and false arrest and imprisonment of plaintiff was without basis and without probable cause or reasonable suspicion.

47. All of this occurred without any illegal conduct by plaintiff.

48. All charges were dismissed.

49. Defendants, their officers, agents, servants and employees, were responsible for plaintiff's arrest, detention and imprisonment during this period of time. Defendant City, as employer of Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

50. Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct towards plaintiff.

51. The officer defendants acted under pretense and color of state law and in their

individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by officer defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of her constitutional rights secured by the Constitution of the State of New York.

52.    As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

## THIRD CAUSE OF ACTION
### False Arrest and False Imprisonment
#### (Against All Defendants)

53.    The above paragraphs are here incorporated by reference.

54.    Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

55.    Defendants intended to confine plaintiff, plaintiff was conscious of her confinement and did not consent to his confinement.

56.    All charges were dismissed.

57.    Defendants, their officers, agents, servants and employees, were responsible for plaintiff's arrest, detention and imprisonment during this period of time. Defendant City, as employer of Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

58.    As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

## FOURTH CAUSE OF ACTION
### Malicious Prosecution
### (Against All Defendants)

59.   The preceding paragraphs are here incorporated by reference.

60.   Defendants, acting with malice, initiated a prosecution against plaintiff and caused her to be prosecuted.

61.   Defendants did not have probable cause to initiate proceeding.

62.   The criminal proceedings were terminated in plaintiff's favor.

63.   Defendants have deprived plaintiff of her civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiff under 42 U.S.C. §1983, New York State common law, and the New York State Constitution.

64.   As a result of the malicious prosecution implemented by defendants, plaintiff was damaged.

## FIFTH CAUSE OF ACTION
### Tortious Assault and Battery – Unwanted Touching
### (Against All Defendants)

65.   The above paragraphs are here incorporated by reference.

66.   Upon approaching, pushing, handcuffing Ms. Thompson and refusing to loosen her handcuffs until her fingers went numb, her physical well-being and safety and placed her in apprehension of immediate harmful and/or offensive touching.

67.   Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching without her consent.

68.   Defendants used excessive and unnecessary force with plaintiff.

69.   Defendants, their officers, agents, servants and employees, were responsible for plaintiff's arrest, detention and imprisonment during this period of time. Defendant City,

as employer of Officer Defendants, is responsible for their wrongdoing under the doctrine

of *respondeat superior*.

70.  As a direct and proximate result of the misconduct and the abuse of authority

detailed above, plaintiff sustained the damages described above.

SIXTH CAUSE OF ACTION
Negligence
(Against All Defendants)

71.  The above paragraphs are here incorporated by reference.

72.  Defendants owed a duty of care to plaintiff.

73.  Defendants breached their duty to plaintiff by failing to release plaintiff's

handcuffs until after her fingers went numb.

74.  Defendants, their officers, agents, servants and employees, were responsible for

plaintiff's arrest, detention and imprisonment during this period of time. Defendant City,

as employer of Officer Defendants, is responsible for their wrongdoing under the doctrine

of *respondeat superior*.

75.  As a direct and proximate result of the misconduct and the abuse of authority

detailed above, plaintiff sustained the damages described above.

SEVENTH CAUSE OF ACTION
Negligent Hiring & Retention
(Against City Defendant)

76.  The above paragraphs are here incorporated by reference.

77.  Upon information and belief, defendant City, through the NYPD, owed a duty

of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

78.  Upon information and belief, defendant City, through the NYPD, owed a duty

of care, to plaintiff because under the same or similar circumstances a reasonable,

11

prudent and careful person should have anticipated an injury to plaintiff or those in a position similar to plaintiff's as a result of this conduct.

79.    Upon information and belief, defendant officers were incompetent and unfit for their positions.

80.    Upon information and belief, defendant City knew or should have known through exercise of reasonable diligence that the officer defendants were potentially dangerous.

81.    Upon information and belief, Defendant City's negligence in hiring and retaining the officer defendants proximately caused plaintiff's injuries.

82.    Upon information and belief, because of the defendant City's negligent hiring and retention of defendant officers, plaintiff incurred damages described above.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.    In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B.    Awarding plaintiff's punitive damages in an amount to be determined by a jury;

C.    Awarding plaintiff's reasonable attorneys' fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

<u>JURY DEMAND</u>

Plaintiff demands a trial by jury.

DATED:        July 30, 2014
              Brooklyn, New York

                                                    Respectfully yours,


TO:    Corporation Counsel
       By: Lisa Richardson                          By: Martha Kashickey
       City of New York                             Bar# MK6031
       100 Church Street                            Stoll, Glickman & Bellina, LLP
       New York, NY  10007                          Attorneys for Plaintiff
                                                    475 Atlantic Avenue 3rd Floor
       Captain William Gardner                      Brooklyn, NY  11217
       c/o Lisa Richardson                          (718) 852-3710
       City of New York                             (718) 852-3586
       100 Church Street                            mkashickey@stollglickman.com
       New York, NY  10007

       Former Commissioner Ray Kelly
       c/o Lisa Richardson
       City of New York
       100 Church Street
       New York, NY  10007

       Police Officer Brian Thompson
       c/o Lisa Richardson
       City of New York
       100 Church Street
       New York, NY  10007

       Captain William Taylor
       62nd Precinct
       1925 Bath Avenue
       Brooklyn, NY  11214